SCHOOL DIRECTORS OF THE TOWN OF SIGEL vs. COE and others.

SCHOOL LAW.    *Liability of treasurer of joint district, where the town in which the school house is, adopts the township system.*

C., elected treasurer of Joint School District No. 1 of the towns of E. and S., filed his bond, running to said district, binding him to pay over to the persons entitled thereto all moneys which should come into his hands as such treasurer. The school house of such joint district is in the town of S. During C.'s term, the latter town adopted the township system of school government, under ch. 182, Laws of 1869, which provides that the clerks of the several subdistricts, together with the clerks of those joint districts whose school houses are within the town, shall constitute the town board of school directors, empowers said board, as a corporation, to sue and be sued, etc., vests in it the title, care and custody of all property of the subdistricts of such town, confers upon it "all the powers of school district boards" under previous statutes, and declares that it shall have the entire control of any joint subdistrict whose school house is in such town. C. subsequently refused to pay over to the town treasurer of said town of S. the school moneys in his hands. *Held,*

1. That the facts recited show a breach of the conditions of the bond.

2. That the board of school directors of the town of S. are the legal successors of Joint School District No. 1, and may sue in their own name on said bond.

3. That C. and his sureties cannot, in this action upon the bond, raise the question whether the fund in dispute must be disposed of for the sole use and benefit of the inhabitants of Joint School District No. 1.

APPEAL from the Circuit Court for *Chippewa* County.

Action on the official bond given by *Coe,* February 10, 1873, as treasurer of Joint School District No. 1 of the towns of Edson and Sigel in Chippewa county. The bond runs to

said district, as the statute requires (Tay. Stats., 550, § 37); and the condition expressed therein is, that said *Coe* shall faithfully discharge the duties of his said office, and pay over to the person or persons entitled thereto, upon the proper order therefor, all sums of money which shall come into his hands as such treasurer, etc. The complaint alleges facts showing that in 1874 the town of Sigel, in which the school house in said joint district is situate, adopted the township system of school government; and that the board of school directors of said town was thereupon duly organized; and it avers that said board became the lawful successor of said joint district, and had a right to the possession, control and use of all moneys and other property thereof, and that the office of treasurer of such joint district became thereby vacant, and the term of office of said *Coe*, as such treasurer, determined, and he became liable to pay over to the town treasurer of the town of Sigel, for the use and benefit of the plaintiff, all moneys, etc., in his hands as treasurer; that on the 22d of August, 1874, an accounting was had with *Coe* concerning moneys so in his hands, and he was found to be indebted to the plaintiff in the sum of $313.60; and that he refused on demand to pay over any part of said sum except $105, and there still remains unpaid of said sum, $208.60; for which judgment is demanded.

The defendants demurred to the complaint as not stating a cause of action; and the plaintiff appealed from an order sustaining the demurrer.

The cause was submitted for both parties on briefs.

*Bingham & Jenkins*, for appellant, relied upon ch. 182, Laws of 1869 (Tay. Stats., pp. 586, 594). The money in *Coe's* hands is a part of the property belonging to subdistricts of the town of Sigel, with the title, care and custody of which the plaintiff is invested; and as the legal successor of the joint district it may sue on the bonds. As to the power of the legislature in the premises, they cited *Layton v. New Orleans*, 12 La. An., 515; *Girard v. Philadelphia*, 7 Wall., 1; *People v.*

*Hill*, 7 Cal., 97; *Inhabitants of North Yarmouth v. Skillings*, 45 Me., 133; *Gorham v. Springfield*, 21 id., 58; Cooley's Con. Lim., 192, and cases cited in note; Dillon's M. C., § 47, and cases cited in note, and §§ 36, 37.

*Wheeler & Marshall*, for respondents, contended that the director of Joint District No. 1 was alone authorized to bring an action on the bond. (Tay. Stats., 550, § 36). The law providing for the township system gives the custody of all the property in the district to the town board of school directors; but it does not provide a remedy for a refusal of the district officers to pass over the property in their hands. The act of 1869 indeed declares that "all the powers conferred upon *school district boards*" by ch. 155 of 1863, are thereby conferred upon the town board of directors; but the act of 1863 did not confer the power to bring suit on the treasurer's bond upon the district board, but upon the *director*. Where a party has no specific legal remedy under the statutes, he must resort to the writ of *mandamus*. *State v. Washington Co.*, 2 Chand., 247; *School District No. 2 v. School District No. 1*, 3 Wis., 333. 2. So much of the law authorizing the township system of school government as tends to take from the joint district the property which it had acquired for its exclusive benefit, without the consent of the taxpayers of the district, is unconstitutional. *Town of Milwaukee v. City of Milwaukee*, 12 Wis., 103.

COLE, J. The bond given by *Coe*, as treasurer of Joint School District No. 1 of the towns of Edson and Sigel, bound him to pay over to the person or persons entitled thereto, all moneys which should come into his hands as treasurer. The complaint shows that the schoolhouse of this district is located in the town of Sigel, and that this town adopted the township system of school government under ch. 182, Laws of 1869, subsequent to *Coe's* election as treasurer. This statute provides that the clerks of the several subdistricts, together with

the clerks of those joint subdistricts the schoolhouses of which are situated within the town, shall constitute the town board of school directors; creates the board a corporation with power to sue and be sued; and vests in the board, in its corporate capacity, the title, care and custody of all schoolhouses, furniture and other property of all kinds belonging to the subdistricts therein. The act certainly constitutes the plaintiff in the action the legal successor of the district of which *Coe* was chosen treasurer.

But it is insisted by the counsel for the defendants, that the town board of school directors have no right to bring an action for the breach of *Coe's* bond. The complaint shows that he has money in his hands belonging to Joint District No. 1, which he refuses to pay over on demand. While the facts show a violation of the conditions of the bond, it is claimed that the appellant had no authority to bring the action. Had the school district system remained unchanged, the action on the bond would have to be brought in the name of Joint School District No. 1. Sec. 36, ch. 23, Tay. Stats. But the law providing for the township system of school government transfers to the town board of school directors the powers and duties of the school-district boards, and by necessary implication gives the former corporation the power to bring all actions in respect to the property of all kinds belonging to the subdistricts, including the right of prosecuting the treasurer's bond. As to the correctness of this view, it seems to us there can be no reasonable doubt. Certainly the joint subdistrict has no right to maintain the action, as that right was conferred upon another corporation which had superseded it under the law.

But it is argued that the moneys in *Coe's* hands were raised for the sole use and benefit of Joint School District No. 1, and that it cannot be taken away from that district without the consent of the inhabitants thereof. The treasurer is in no position to raise any question as to the proper disposition of

this fund. He will have discharged his duty in respect to it when he has paid it to the plaintiff, which is lawfully entitled to its care and custody.

It follows from these views that the demurrer to the complaint was improperly sustained.

*By the Court.*—The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.